THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN PORTELLO,<br><br>                    Plaintiff,<br><br>          v.<br><br>SUPERVISOR FOR DELIVERY, USPS,<br><br>                    Defendant. | CASE NO. C17-0090-JCC<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS |

This matter comes before the Court on the Government's motion to dismiss (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff Karen Portello filed a Notice of Small Claim and an Extended Notice of Claim in the Snohomish County District Court against "Supervisor Lori for P.O. Deliveryman" of the United States Postal Service and "Supervisor for Deliveryman," claiming $210 in property damage. (Dkt. No. 1-1.) The Government contends that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2679, *et seq.*, is the sole and exclusive remedy for negligence claims, whereas here, the United States is the real party in interest. (Dkt. No. 1 at 2.) The Court agrees.

The Government properly removed the matter to this Court pursuant to 28 U.S.C. § 1442, (Dkt. No. 1), and filed a motion to dismiss for lack of subject matter jurisdiction, (Dkt. No. 6). Plaintiff did not respond to the motion to dismiss, and the Court deems this as an admission that

the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may be a facial or factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial attack, the Court assumes all material allegations in the complaint are true. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA is a limited waiver of sovereign immunity that permits claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the postal service exception, 28 U.S.C. § 2680(b), is an express limitation on the FTCA's sovereign immunity waiver. Pursuant to this exception, the Government is not liable for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Therefore, Plaintiff's claim for property damage that occurred during the transmission of her mail is barred by sovereign immunity. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006). Under these facts, this complaint cannot be saved with further amendment because the Court lacks subject matter jurisdiction over the claim. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Therefore, Plaintiff's claim is DISMISSED with prejudice.[1]

//
//
//
//

---

[1] The Government also argues that the claim should be dismissed because Plaintiff failed to exhaust her administrative remedies. (Dkt. No. 6 at 4–5.) However, the Court will not address this argument because it lacks subject matter jurisdiction over the matter.

1 | DATED this 22nd day of March 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING THE GOVERNMENT'S
MOTION TO DISMISS
PAGE - 3